**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YHOAN ALEXANDER MELENDEZ-BELLO<br>(A-Number: 249 228 004),<br><br>                Petitioner,<br><br>        v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>                Respondents. | Case No. 1:26-cv-02053 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS; AND REQUIRING RESPONDENT TO PROVIDE BOND HEARING.<br><br>(Doc. 10)<br><br><u>Clerk of the Court to Serve Order on Facility</u> |

Petitioner Yhoan Alexander Melendez-Bello, a federal immigration detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 13, 2026, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center. (Doc. 1.)

On May 29, 2026, the magistrate judge issued findings and recommendations to grant the petition and to require Respondents to provide Petitioner with a post-deprivation bond hearing where the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. (Doc 10 at 16-17.) The Court served the findings and recommendations on the parties notified them that any objections were to be filed within seven days of service. *Id.* at 18. On June 5, 2026, Respondents filed objections.

(Doc. 11.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, including the objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.[1]

Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 10) issued on May 29, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents are **ORDERED** to provide Petitioner, within 14 days of the date of this order, a bond hearing before a neutral arbiter, pursuant to 8 U.S.C. § 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

4. Prior to the bond hearing, the Petitioner **SHALL** receive at least 72 hours-notice of the scheduled hearing, **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, Respondents **SHALL** ensure that counsel receives at least 72 hours-notice of the scheduled hearing.

5. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents are **ORDERED** to release Petitioner from custody immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing

---

[1] Respondents object to the findings and recommendations because they indicate that "[d]uring the approximately two-year period of his release from the custody of immigration authorities, Petitioner was never charged with a crime," even though the record otherwise indicates Petitioner was arrested on December 13, 2025 for open container/drinking while in a vehicle. (Doc. 11 at 2, citing Doc. 10 at 2.) However, as the findings and recommendations discuss, Petitioner was never released after that December 2026 arrest and was instead transferred to ICE custody two days later. (Doc. 10 at 2.) The findings and recommendations describe the facts accurately and considered the December 13, 2025 arrest when recommending that Petitioner be provided a bond hearing. (*Id*. at 16–17.)

2

consistent with this order.[2]

6.  The Clerk of the Court is **DIRECTED** to serve a copy of this order to the California City Detention Facility.

7.  The Clerk of Court is further **DIRECTED** to  terminate any open motions and deadlines, enter judgment for Petitioner, and **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:    **June 10, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal.  In this event, Respondents SHALL provide a bond hearing in the timeframe required by law.

3